State of Louisiana v. Burns.

No. 4609.

STATE OF LOUISIANA *v.* OSCAR BURNS.

Where a motion was made to quash the panel of the jurors, on the ground that the Criminal Sheriff has no legal right to furnish a list of persons liable to jury duty, keep the same in the Criminal Court, and array juries therefrom, because said list should be furnished by the sheriff for the civil courts, in conformity with section 2144 R. S., which says: " It shall be the duty of the sheriff of the parish of Orleans, in the month of December, to furnish a list of all persons liable to jury duty residing within the limits of the parish of Orleans; "

Held—That the sheriff for the Criminal Court is a sheriff of the parish of Orleans, as much as the sheriff for the civil courts, and the constitution makes him the executive officer of the Criminal Court. It is his duty, as such executive officer, to perform the duty im-- posed by the above law and section 2147 R. S. He is specially and solely the executive officer of that court.

Where a bill of exceptions was taken to the refusal of the judge to charge the jury as requested, that, if they entertained a reasonable doubt as to the sanity of the prisoner at the time of the commission of the alleged act, they were bound to acquit him, and the judge charged, on the contrary, that the law presumed the sanity of every man and that it devolved on the prisoner, under a plea of insanity, to satisfy the jury by a preponderance of proof that he was insane at the time of the alleged act;

Held—That the exception was properly overruled.

APPEAL from the First District Court, parish of Orleans. *Abell,* J. Criminal case. *A. P. Field,* Attorney General, for the State. *J, J. Foley,* for the defendant and appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

HOWELL, J. The defendant has appealed from a judgment sentencing him to imprisonment at hard labor in the State Penitentiary during his natural life for murder without capital punishment. The case is before us on an assignment of error and two bills of exceptions.

The error assigned is that his application for a new trial should have been disposed of.

The record shows that it was waived.

The first bill of exception is taken to the overruling of a motion made to quash the panel of jurors on the ground that the criminal sheriff has no legal right to furnish a list of persons liable to jury duty, keep the same in the criminal court, and array juries therefrom.

The law is (R. S., sec. 2144): " It shall be the duty of the sheriff of the parish of Orleans, in the month of December, to furnish a list of all persons liable to jury duty residing within the limits of the parish of Orleans."

It is contended that, as the law does not designate the sheriff for the criminal court, whose election is provided for in the constitution, as the officer who is to furnish said list, and as the constitution imposes on the sheriff for the civil courts all duties heretofore devolving on the sheriff of the parish of Orleans, except those therein delegated to the sheriff of the criminal court, the said list should be furnished by the sheriff for the civil courts.

We think this an error. The sheriff for the criminal court is a

State of Louisiana v. Burns.

sheriff of the parish of Orleans, as much as the sheriff for the civil courts, and the constitution makes him the executive officer of the criminal court, and it is his duty as such executive officer to perform the duty imposed by the above law and section 2147 R. S. He is specially and solely the executive officer of that court. The ruling of the judge was correct.

The second bill was taken to the refusal of the judge to charge the jury as requested, that, if they entertained a reasonable doubt as to the sanity of the prisoner at the time of the commission of the alleged act, they were bound to acquit him, the judge charging, on the contrary, that the law presumed the sanity of every man, and that it devolved on the prisoner, under a plea of insanity, to satisfy the jury by a preponderance of proof that he was insane at the time of the commission of the alleged act.

We think the judge did not err in this charge. The true rule is, "the jury are to be told that every man is to be presumed to be sane, and to possess a sufficient degree of reason to be responsible for his crimes, until the contrary be proved to their satisfaction; and that, to establish a defense on the ground of insanity, it must be clearly proved that, at the time of committing the act, the party accused was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing, or, if he did know it, that he did not know he was doing what was wrong." 2 Greenleaf, § 373; 7 Mst. 500; 3 Parker's Criminal Reports 299–301; 5 Parker ditto 631, 644; Roscoe's Criminal Ev. 952.

Judgment affirmed.

Rehearing refused.