State vs. Jones.

## No. 9034.

### THE STATE OF LOUISIANA vs. WALTER JONES.

It is undoubtedly correct, as a rule, that an erroneous instruction or charge to the jury can not be corrected simply by another instruction or charge which states the law accurately; but the rule does not obtain where the erroneous instruction is expressly admitted to be such and is formally withdrawn from the jury by the trial judge, who, in doing so, gives the law correctly, as should have been done at first.

APPEAL from the Sixth District Court, Parish of Morehouse. *Brigham*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*Todd & Todd* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a sentence of ten years at hard labor on a conviction for shooting with intent to kill.

The record contains a bill of exceptions and a motion in arrest. The bill is taken to the following charge of the judge to the jury:

"I will not give you this section (794, R. S.) in charge, as it appears that this man's eye was shot out (referring to the party accused, charged with shooting) and this section is not applicable."

State vs. Jones.

The following explanation forms a part of the bill:

"After giving further charges to the jury, and when charging the jury as to the different verdicts they might render, the court remarked that, on reflection, it was right and proper to give that article (794) in charge, as the jury might find that if the party was shot that they *might or might not* find that the wound inflicted was mayhem, or less than mayhem, and gave the charge as to the law in such cases. After the jury had left the jury-box and were proceeding to the jury-room, the counsel for the accused excepted to the remark of the court substantially stated in the bill.

"At this point the court ordered the jury to return to the jury-box, which they did before they had gotten to the jury-room, and thereupon the court charged the jury that, if in charging in regard to section 794, or at any other time, the court had remarked that the eye of the party shot was put out, that it was improper and inadvertently done, and should not and must not influence them in the trial of the case; and the court retracted all that might have been thus inadvertently said, and specially charged that they were the sole judges of the evidence on that point, as of all other evidence in the case, and the judge was precluded from reciting any part of the evidence in the case and did not intend to recite any fact as proved. That they heard all the evidence on that subject from the party shot, as to the loss of his eyesight, and saw the wounded man and the condition of his eye for themselves, when he testified."

It is undoubtedly true, as a rule, that an erroneous instruction cannot be corrected simply by another instruction which states the law accurately, but the rule does not obtain where the erroneous instruction is expressly admitted to be such and is formally withdrawn from the jury by the trial judge. Waterman Cr. Dig. pp. 379, 624.

In the present instance the judge took pains explicitly to inform the jury that the remark complained of had trenched on the facts and was an improper one, inadvertently made, and that it should have no weight with them.

In presence of such full and complete, candid and laudable retraction by the judge, and of his subsequent fair and liberal charge to the jury touching their control over the facts and the law, as above reproduced, it is impossible to conjecture with any plausibility how the jury can be said to have been injuriously influenced and the accused seriously prejudiced.

The motion in arrest has no merit. It is substantially identical with a similar one made by the same counsel in the case of the State vs. Chandler. For the reasons there assigned, it was properly denied.

Judgment affirmed.