The opinion of the court'was delivered by
Watkins, J.
The defendant appealed from a verdict convicting him of the crime of murder, and a sentence of death — alleging insanity as his defence.
The record is very meagre and furnishes but two bills of exeep - tions which were retained by the defendants eounsel.
I.-'
. The first bill of exceptions appertains to the objection which the defendant’s counsel urged to going to trial^when the case was called for trial. ,
■The bill relates that when the c?ise - was called for trial counsel objected to going to trial for the jpason that the order appointing .physicians as experts to examine into the mental condition of the defendant, with a view of determining bis. sanity or insanity, had not ■been complied with, said experts having-jbresented no report; and ‘that in the absence of such report .the- defendant should not be compelled to go into the trial. L-
’. . At least, the foregoiog is the purport of the objection which is assigned by counsel in the bill of exceptions, and to which the trial judge replied as follows, viz.:
“ When the application for the appointment of three physicians was presented to the court, I stated that I would designate three physicians who could examine the defendant and -be summoned as witnesses, and testify upon the trial of the case before the jury as to the sanity or insanity of the prisoner. These same witnesses were summoned as witnesses, and all three attended the trial. The defendant did not call or examine either one of them as a witness. The State, in rebuttal, called Dr. Forsythe and asked him about the mental condition of the defendant. It was never contemplated that these physicians should make a report to the court; but, on the contrary, they were appointed simply that they might qualify themselves in advance, to testify on the trial.”
*1094 The correctness of the judge’s conclusions is undeniable and his ruling was undoubtedly correct.
The physicians were only intended to render service to the court as expert witnesses in the course of the trial, and it was the duty of defendant’s counsel to have placed them on the stand and interrogated them with reference to the sanity of their client, carrying the burden of proving his sanity by a fair preponderance of the evidence as the defendant did. State vs. Scott, 49 An. 253.
II.
The second bill of exceptions relates to the alleged error of the trial judge in declining to grant the defendant a new trial.
The ground principally assigned and now pressed upon our attention is that the committee of expert physicians had not, at the time of the trial, made any formal report to the court with regard to the sanity of the defendant, and that a trial having been erroneously ordered in the absence of such report, a new trial should have been granted for the purpose of allowing said experts to examine into and investigate the mental condition of the defendant before sentence is pronounced upon him.
The trial judge assigns as his reason for refusing the new trial, the same reasons he had already assigned in the previous bill, to the effect that the physicians had only been previously designated as expert witnesses, so that they might make an examination into the mental condition of the defendant beforehand, the better to enable themselves to furnish the court with an intelligent statement of his situation.
The reason holding good for his refusal to postpone the trial to enable the physicians to make a formal report, it must be deemed equally good for his declination to grant a new trial.
The theory of defendant’s counsel seemed to have been, that the burden was upon the State to make out its case against the defendant beyond a reasonable doubt, inclusive of his plea of insanity, and inasmuch as the State offered no evidence on the question adequate to the discharge of that burden, the case was with the defendant— nothing short of a formal report of the committee of physicians being sufficient to justify a conviction.
It is stated in brief and argument by defendant’s counsel, that upon the day fixed for the trial, they were surprised to learn that, in point *1095 of fact, no examination had been-made by the physicians into the mental condition of .the defendant; but it is a fact worthy of note in '.this connection, that no mention is m'ade of this contention in -the bills of exception, and it is by them- that this court must be .guided in rendering judgment.
In brief and argument much has been said of the pitiable and unfortunate situation of the defendant, which has served to elicit sympathy in his favor; but, in the very nature of this court’s jurisdiction in criminal matters, we could not allow that to change the .judgment of conviction, however .''appealing his situation may be. A different remedy is provided in our Constitution and law, and it must be sought for and applied.
A remedy is suggested in State ex rel. Chandler ex parte, 45 An. 696, which might be available to the deferidant in this case. In that, ease the suggestion of the defendant’s irisanity was made after his-conviction, and in the course of our,opinion we said:
“We think the judge was authorized under that section”-Revised Statutes, Sec. 1768—“upon the report of the physicians to-direct an investigation as to the mental condition of the relator, and to engraft the proceedings for that purpose upon the case of Chandler then in court. We think the judge authorized, in the absence of a direct mode of procedure being enacted by that section, to mould the proceedings to correspond with the methods of proceeding resorted to for the purpose of the trial of analogous issues, and we see no just ground of complaint that the issue 'should have been submitted to a jury instead of a court.” '
In State ex rel. Armstrong vs. Judge, 48 An. 583, an application was made to us by the relator, after he had been convicted of murder and sentenced to death, to compel the respondent to submit the issue of his sanity to trial by jury as a criminal cause — alleging that-he had applied to the Board of Pardons for a respite from sentence until his sanity could be inquired into.
We merely cite those decisions as indicating a remedy that may possibly be available to the defendant; not as, in any way appertaining to the decision in the instant ease. ¡
There is no alternative left us but to approve of the findings of the trial judge.
judgment affirmed.