PROVOSTY, J.
Defendant was tried for murder, convicted of manslaughter, and sentenced to 10 years at hard labor.
His plea being insanity, bis counsel re-' quested the court to charge, in effect, the doctrine of the Davis Case, 160 U. S. 469, 16 Sup. Ct. 353, 40 L. Ed. 499, namely, that, “if on all the evidence there is a reasonable doubt of tbe sanity of the prisoner, he is entitled to be acquitted”; and tbe court refused *277 to give said charge, for the reason that it is incorrect, and that the true doctrine, which it had already charged, is, as announced by this court in the case of State v. Scott, 49 La. Ann. 253, 21 South. 271, 36 L. R. A. 721, that the defendant has to prove his insanity by a fair preponderance of evidence; in other words, to satisfy the jury of his having been •insane. The requested charge was properly refused.
The next matter assigned as error is the refusal of the court to postpone the trial of a motion for new trial. The facts are these: The verdict was rendered on November 6th. 'On the 9th defendant moved for a new trial. His ground was misconduct of the jury. He attached to his motion the affidavit of a traveling salesman, in which it was stated that the affiant had met a man in the corridor of the hotel at night who had inquired of him where the jurors were, and who, upon being told that it was useless for him to find their room, as he would not be permitted to enter it or talk to the jurors, had said that he himself was one of the jurors, and had forgotten the number and location of the room. This affidavit was dated November 7th. On the 19th, 12 days later, the motion for new trial came on for a hearing, and defendant moved for further time in which to subpoena the traveling salesman, who, he alleged, was a resident of the town of Franklin, St. Mary parish, La., but whose whereabouts he did not at this time know. The court refused to postpone the trial, and after hearing the testimony of the sheriff overruled the- motion.
• The granting or refusing of this delay was a matter largely within the discretion of the trial court, and, considering that 13 days had already elapsed since the verdict, and that the whereabouts of the witness were unknown, we do not think that the discretion was unwisely exercised. The fact that the witness who, it seems, had been subpoenaed, appeared on the same day, and could have been heard if the motion had been postponed for but a single day, makes no difference, since the judge was not advised of the probability of the witness appearing so soon. Nothing shows that he ever knew that the witness had been subpoenaed. The motion for delay expressly states that further time is asked in order that the witness Tnay be subpoenaed.
Judgment affirmed.