SUMMERS, Justice
(dissenting).
These defendants confessed, not once, but at least three times !
I cannot understand the majority accepting the testimony of these accused persons that their confessions were compelled by force. The only evidence to corroborate their testimony that they were beaten to force the confessions is the testimony of Frank Maples and Albert Nora (these two were fellow prisoners, convicted felons with long criminal records which included aggravated rape), and Joseph Herndon, an experienced attorney, who did nothing to preserve the evidence of bruises he said he saw on the persons of the accused. This is a man with at least ten years experience as an assistant city attorney, who would have called a doctor or a photographer, but he knew this would be of no avail as all four defendants were already photographed. I have seen these photographs and I see no evidence of brutality and the trial court judge saw none.
Moreover, a total of fifteen police officers who had contact with the defendants *761 at one time or another during the night of their arrest testified to the absence of threats, coercion, or inducements while the defendants were in their presence.
The trial judge and jury heard these witnesses and they did not believe that the confessions were induced by force. And yet, the majority, by reference to the printed record, repudiates that finding.
The question of the admissibility in evidence of a confession is for the trial judge, its effect for the jury; and whether a sufficient basis was laid for the admission of a confession is an issue of fact upon which the ruling of the trial judge will not be disturbed on appeal unless that ruling is clearly against the preponderance of the evidence on that issue. State v. Bueche, 243 La. 160, 142 So.2d 381 (1962); State v. Steward, 238 La. 1036, 117 So.2d 583 (1960); State v. Weston, 232 La. 766, 95 So.2d 305 (1957).
I dissent.