SOMMERVILLE, J.
Defendants in the bill of indictment in this case were charged as follows:
“Did then and there with .force and arms unlawfully, willfully, and feloniously seize, rob, take, and carry away the sum of $100 in money of legal currency of the United States of America- from the person of E. G. Wyatt, the personal property of the said E. G. Wyatt, contrary to the form of the statute of the state of Louisiana-in such case made and provided, and against the peace and dignity of the same.”
*179 ' Defendants, after conviction, moved in arrest of judgment that the indictment under which they were tried and convicted charges and states no crime known to the laws of the state of Louisiana.
[1, 2] In other words, the motion is based on the omission of the words, or their equivalents,. from the bill of indictment, that the taking was “by means of violence or by putting in fear,” and substituting therefor the words “with force and arms.” Robbery is a common-law offense, and the English common law must be resorted to for the definition of it. Indictments for robbery must set out specifically all the essential elements of the crime at common law, and the indictment in this case is defective in that it does not set out the essential elements of the crime.
Sections 809 and 810 of the Revised Statutes both refer to robbery; the former has been applied to “the robbery of goods and chattels,” while the latter covers robbery of bank notes, currency, etc. State v. Henry and Oorbes, 47 La. Ann. 1587, 18 South. 638.
Blackstone defines robbery to be “the felonious and forceful taking from the person of another of goods or money to any value, by violence or putting him in fear.” 4 Bl. 242.
The indictment in question does not aver the taking from the person of Wyatt the sum of $100 in money» was done by violence or putting him in fear, which averments are sacramental in the indictments for robbery.
The words “with force and arms” might be said to charge that the crime-was unlawfully done, but they are not the equivalents of the words “by violence or putting him in fear.”
The motion in arrest of judgment should have been sustained.
It is therefore ordered, adjudged, and decreed that the judgment rendered herein be annulled, avoided, and reversed, and that the verdicts and sentences be set aside and the indictment quashed.