57 So.2d 888 (1952)
220 La. 899
STATE
v.
MARTINEZ et al.
No. 40590.
Supreme Court of Louisiana.
February 18, 1952.
Rehearing Denied March 24, 1952.
*889 G. Wray Gill, New Orleans, for defendants-appellants.
Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Peter J. Compagno, Asst. Dist. Atty., and George J. Gulotta, Executive Asst. Dist. Atty., New Orleans, for appellee.
PONDER, Justice.
The defendants, Henry Martinez and Louis Bommarito, were tried for the crime of burglary and convicted. They pleaded guilty to being multiple offenders and were sentenced to serve eighteen years in the penitentiary. During the course of the trial, their counsel reserved twenty-five bills of exceptions.
Bill of exception No. 1 was levelled at the refusal of the trial judge to grant oyer of an oral statement made by Martinez, one of the defendants, at the time of his arrest concerning who was the owner of a revolver which was found in an automobile in the possession of Martinez, and to permit counsel for defendants to examine an envelope and its contents found therein. These statements made by the defendants were never reduced to writing. The rule that a defendant is not entitled to a pre-trial view or examination of evidence in the possession of the State was relaxed to the extent that a defendant is now *890 granted pre-trial view of a written confession. State v. Dorsey, 207 La. 928, 22 So.2d 273. We were asked to extend the rule so as to give a pre-trial view of all statements of the accused, whether they be written or oral or in the nature of a confession or not. We again affirmed the holding in the Dorsey case and pointed out that all the defendant was entitled to was a pre-trial view of his written confession. We did not overrule the prior jurisprudence denying an accused a pre-trial inspection of written confessions of co-defendants, written statements of witnesses, or police reports in the hands of the enforcement officers. State v. Simpson, 216 La. 212, 43 So.2d 585.
Bill of exception No. 2 was taken to the overruling of a motion to quash the bill of information. The motion to quash is levelled at the date set out in the indictment on which the offense was committed. The defendants were charged with committing the crime between December 19, 1950 and December 20, 1950. Counsel contends that there is no date between December 19th and December 20th and that therefore the defendants were not charged with the certainty the law prescribes. The trial judge in his per curiam states that the State was unable to allege with certainty on which of the dates the offense was committed because the business establishment, alleged to have been entered, was closed on the night of December 19th and reopened in the daytime on December 20th, during which period of time the alleged burglary was committed. Counsel takes the position that a conviction of the offense would not afford the defendants a plea of former jeopardy in event they were sought to be tried again for the offense because of the uncertainty of the date. He cites authorities, the most recent of which is State v. Chanet, 209 La. 410, 24 So.2d 670. The bill of information meets the requirements set out in the Chanet case. It sufficiently informs the court of the offense in order that it might regulate the evidence during the trial; the accused is sufficiently informed of the nature and form of the accusation; and it is sufficient to support a plea of former jeopardy. The accused could not be again prosecuted for robbing that particular drug store on either of the dates set out in the indictment. Where it is alleged in an indictment or bill of information that an offense was committed on or about a certain date the words "on or about" are surplusage and the real date is that which is specified. Where time is not the essence, the time stated in the indictment is immaterial as to the exact date so long as it precedes the date the indictment was returned. State v. McCarthy, 44 La.Ann. 323, 10 So. 673; State v. Guillot, 200 La. 935, 9 So.2d 235.
Bill of exceptions No. 3 was taken to the overruling of a motion for a continuance on the ground that the defendants could not at that time secure a fair and impartial trial because the public had been inflamed against the defendants by sensational stories published in the local press regarding offenses committed by them. A continuance was sought until the alleged public opinion had subsided. Counsel offered publications in evidence but there is no evidence to show that public opinion was aroused against the defendants or that they could not secure a fair and impartial trial. If counsel had seriously thought that the defendants could not secure a fair and impartial trial, in the Parish of Orleans, he should have moved for a change of venue and this matter could have been properly determined. The jurors who were challenged by counsel for the defendants for cause did not appear to be affected by the publications as they had not formed a fixed opinion or one that would not yield to evidence. Article 351, Code of Criminal Procedure, LSA-R.S. 15:351.
Bill of exception No. 4 was taken to the refusal of the trial judge, on objection of the State, to permit counsel to state that "reasonable hypothesis" means "guess" to a juror under examination on his voir dire. In cases of circumstantial evidence, the State must prove its case beyond a reasonable hypothesis, not beyond a reasonable guess. It must exclude every reasonable hypothesis of innocence. Article 438, Code of Criminal Procedure, LSA-R.S. 15:438.
*891 Bill of exception No. 5 was taken to the refusal of the trial judge, on objection of the State, to permit counsel to question a juror on his voir dire as to whether he had read an article in the press, charging certain parties with an alleged offense wholly unrelated to the offense herein charged or the parties engaged in it. The ruling was correct.
Bill of exception No. 6 was taken to the refusal of the trial judge to permit defendants' counsel to exhibit an article in a newspaper to a juror who was being examined on his voir dire after the juror had testified that he did not remember reading the article. It appears that the juror later stated in his examination that he had not read the article. This bill presents nothing from which injury could flow.
Bill of exception No. 7 was taken to the overruling of the defendants' objection to the selection of jurors from the venire of Section "E" for the reason that the defendants had not been served with a copy of the jury list from Section "E" until the date of the trial. It appears that the jury venire in Section "F" had been exhausted without completing the jury and that the remainder of the jurors were selected from the venire of Section "E". A mere reading of the second paragraph of Article 201 of the Code of Criminal Procedure, LSA-R.S. 15:201, demonstrates that the trial court was authorized to have the remaining jurors selected in this manner. State v. McKee, 170 La. 630, 128 So. 658. Moreover, counsel does not allege or contend that the defendants could not obtain a fair and impartial trial at the hands of jurors selected from the venire of Section "E" and no injury has been shown. In the absence of such showing, the defendants have no legal complaint. State v. O'Day, 188 La. 169, 175 So. 838.
Bill of exception No. 8 was taken to the overruling of a challenge for cause urged against a prospective juror. The juror testified on his voir dire that he had read the headlines of an article in the press but did not read the article itself. The juror testified that his place of business had been robbed four times but that would not create any prejudice against the defendants. Counsel asked the juror the question, viz.: "You feel that in spite of the fact your place was burglarized four times, if it comes to a question of veracity in favor of the defendants as against evidence of the State, that fact would play no part?" The juror answered "No" and counsel challenged him for cause which was overruled by the court. Counsel has cited authorities from other states and decisions of federal courts to support his contention. We are governed by statutory law. Under the provisions of Article 350, Code of Criminal Procedure, LSA-R.S. 15:350, causes for challenge are either general or special. It is general when the juror lacks some qualifications required by law of jurors in general. A special challenge for cause is where the juror, though generally qualified, is disqualified from serving in the case in which he is tendered. The challenge for special causes are set forth in Article 351, Code of Criminal Procedure. A juror under the article can be challenged if he is not impartial. There is nothing in the testimony of the juror nor evidence to show that the juror is prejudiced against the defendants. We cannot assume that he is biased against the defendants merely because his place of business had been burglarized.
Bill of exception No. 9 was taken to the overruling of a challenge for cause to a prospective juror whose home had been burglarized some five years ago. He testified that it would not influence him in the trial of the case and that he did not have any prejudice against the defendants. Our answer to bill of exception No. 8 is sufficient answer to the question here presented.
Bill of exception No. 10 presents the same question raised in bill of exception No. 7, which we have disposed of.
Bill of exception No. 11 presents the same question raised in bill of exception No. 1, which we have disposed of.
Bill of exception No. 12 was taken to a question propounded by the State to a witness, viz.: "While you were on Canal and Decatur on the morning of December *892 20th at one o'clock did anything attract your attention?" Counsel contends that the question suggested that the defendants were acting or behaving in a suspicious manner. No authority has been cited to support the contention and we do not see how this question could suggest that the defendants were behaving in a suspicious manner.
Exceptions Nos. 13, 14 and 15 raise the same question which was disposed of in our discussion of bill of exception No. 1. The only difference being that it was raised in a different manner, viz.: by objecting to the testimony of the witness as to what Martinez had told him.
Bill of exception No. 16 was taken to the overruling of an objection to the introduction of evidence taken from the automobile of one of the defendants. Counsel contends that the evidence was illegally obtained without a search warrant and therefore not admissible in evidence. Counsel cites federal decisions to support his contention. The rule in this state is to the contrary. See State v. Aspara, 113 La. 940, 37 So. 883. The Aspara case, in this respect, has been followed in a number of decisions.
Bill of exception No. 17 was taken to the qualification of a State witness as an expert. Counsel contends that the witness did not qualify as an expert and that the court did not permit him to traverse the witness. While the State was examining the witness touching his qualifications, counsel stated that he admitted the witness was a fingerprint expert but as to something else, he would like to ask some questions. It does not appear that the court refused counsel permission to question the witness or that any bill of exception was taken to any refusal of the court to allow counsel to question the witness as to his qualifications. The witness, a Captain of the Police Department, who had served in connection with his duties in the Bureau of Identification of that department over a period of thirty years, had taken various courses in this line of work and had considerable experience in the identification of firearms, microscopic work, fingerprints, photography, etc. This witness had taken enlarged photographs of certain pieces of substance taken from the envelope, found in the glove compartment of one of the defendants' car, and certain substances, found on the floor of the drug store which had been burglarized, in order to show that the pieces were part of the same material as those contained in the envelope and that they fitted and matched. The State was attempting to establish that these pieces of substance had been chipped off the safe when it was burglarized. Some coins were found on the floor near the safe and the theory of the State was when the safe was burglarized, coins fell on the floor and when they were scooped up and placed in the envelope, some of the substance broken from the safe was also scooped up with the coins and placed in the envelope. Counsel for the defendants takes the position that the witness was not competent because he could not state whether the substance was silicon, manganese or iron. The witness was competent to testify from his examination that the pieces of substance were of similar material and that they fitted together. While the evidence shows that the witness was qualified as an expert, it does not appear to us an expert was required to tell whether the particles were of similar material and that they fitted together. Article 467, Code of Criminal Procedure, LSA-R.S. 15:467. In either event, we find no merit in this bill.
Bills of exceptions Nos. 18, 19, 20 and 21 were taken to the refusal of the trial judge to permit counsel for the defendant to introduce in evidence a letter, bag and photograph, when objected to by the State. The letter and the contents have no relevancy to the case whatsoever. It appears from the defendants' brief that the evidence was not offered to show the contents of the letter or the photograph but to show certain clip-marks which the defendants contend matched clip-marks on the bag or envelope, taken from the automobile, which had been admitted in evidence and that Martinez was legally in possession of the bag taken from the automobile because the clip-marks on the bag taken from the *893 automobile matched the clip marks on the bag that was legally in his possession, which had no connection with the pharmacy alleged to have been burglarized. The trial judge ruled that the bag was not in any way connected with the offense and refused to admit the evidence to the jury. The excluding of the testimony on the grounds of irrelevancy rests largely on the discretion of the trial judge. State v. Bouvy, 124 La. 1054, 50 So. 849; State v. Walker, 204 La. 523, 15 So.2d 874. We cannot say the trial judge abused his discretion when he ruled the evidence inadmissible.
Bill of exception No. 22 was taken to a statement made by the assistant district attorney in his opening argument, the statement, viz.: "Where was Louis Bommarito that night?" "Nobody knows but Louis Bommarito and the police officers." Counsel contends that the statement was a direct comment upon the failure of the defendant, Bommarito, to take the witness stand and testify in his own behalf. We are cognizant of the law that the failure of an accused to testify in his own behalf cannot be construed against him and that counsel for the State cannot direct the attention of the jury to the fact that an accused failed to testify in his own behalf. Counsel has cited a number of decisions where this court granted a new trial in cases where counsel for the State referred to the failure of an accused to take the stand and testify. In a recent case, State v. Davis, 214 La. 831, 39 So.2d 76, we pointed out that unless the district attorney makes the direct statement or the inference is plain that he intended to bring to the attention of the jury the fact that the defendant had not testified that there is no grounds for complaint. We further pointed out that an accused can through different sources, other than by taking the stand himself, establish a defense. Bommarito was arrested that night and the police officers could account for his whereabouts after he was taken into custody. Prior to that time his whereabouts may have been established by other witnesses. His whereabouts prior to his arrest, at about 1 o'clock A. M., was a material issue in the case and his statements made to the officers at the time he was arrested explaining why he was with Martinez at that time of night was before the jury and the district attorney had a perfect right to criticize the weakness of his explanation of his presence and the possession of the loaded revolver found in the car in which he and Martinez were riding. The remark of the district attorney is not a direct comment on his failure to testify and it cannot be said that the inference is plain that the prosecuting officer intended to bring this fact to the attention of the jury.
Bill of exception No. 23 was taken to the overruling of the defendants' objection to the prosecuting officer displaying the envelope, which had been rejected, in front of the jury during his argument. The trial judge in his per curiam states that the bill is in error and at the time he signed the bill he stated that he would like to correct a part of it to conform to the true facts. He states in his per curiam that the prosecuting officer held the envelope in his hand and was about to use it in his argument when counsel for the defendants objected, that he sustained the objection and that the prosecution officer never did display the envelope to the jury.
Bill of exception No. 24 was taken to the overruling of a motion for a new trial. The motion for a new trial is predicated on the bills of exceptions heretofore considered and does not present any new question.
Bill of exception No. 25 was taken to the overruling of a motion in arrest of judgment predicated on the same ground raised in the motion to quash the indictment and that set forth in the motion for a new trial. We have heretofore disposed of these issues and no new issue is presented in the new motion.
For the reasons assigned, the conviction and sentence are affirmed.