149 So.2d 409

**STATE of Louisiana**

v.

**George D. HOWARD.**

No. 46267.

Jan. 14, 1963.

Rehearing Denied Feb. 18, 1963.

Earl J. Amedee, A. M. Trudeau, Jr., New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

Appellant was convicted of armed robbery and sentenced to serve thirty years at hard labor in the State Penitentiary. During the trial, he reserved four bills of exceptions, on which he depends on this appeal, for annulment of the conviction and sentence.

Bill No. 1 was taken to the overruling of appellant's motion to quash the charge against him. The bill of information was drawn under the short forms provided by Article 235 of the Code of Criminal Procedure (R.S. 15:235) which may be used for charging the specific offenses therein named. The short form for armed robbery reads "AB., while armed with a dangerous weapon, robbed CD." The bill of information alleges that appellant, on September 15, 1961, with force and arms in the Parish of Orleans " * * * while armed with a dangerous weapon, to wit: a pistol, robbed one

Thomas A. James, Jr. of One Hundred and Twenty One Dollars and Forty Seven cents ($121.47) * * * contrary to the form of the statute * * *".

Appellant initially contends that the bill of information is fatally defective because it fails to recite that the taking of the money was from the person of another or from the immediate control of another and further fails to specifically state that the taking was by force or intimidation. State v. England, 148 La. 178, 86 So. 728 is cited in support of this position.

There is no merit in the point. This court has held time and time again (see State v. Eyer, 237 La. 45, 110 So.2d 521 and authorities there cited) that the short forms for charging specific crimes provided by Article 235 of the Code of Criminal Procedure satisfy the requirement (see Section 10 of Article 1 of the Constitution) that the accused shall be informed of the nature and cause of the accusation against him. However, when the short form is employed, the accused may require the State to furnish him with a bill of particulars, if he needs more detailed information in order to prepare his defense, and he is entitled to this remedy as a matter of right. State v. Chanet, 209 La. 410, 24 So.2d 670; State v. Coleman, 236 La. 629, 108 So.2d 534.

That the short form for charging armed robbery fulfils the constitutional guarantee that the accused shall be informed of the nature and cause of the accusation, we have not the slightest doubt. Indeed, we have heretofore upheld the short form for charging the crime of simple robbery in State v. Durbin, 235 La. 989, 106 So. 2d 443. Armed robbery, as defined by R.S. 14:64, contains the same elements as simple robbery, plus the element that the robber was armed with a dangerous weapon The bill of information in the instant case, as shown above, complies with the short form for armed robbery and, even though it states more than the form requires,—i. e., the type of weapon with which appellant was armed and the amount of money taken from the victim—it is nonetheless valid. It is not essential for the pleader to literally track the language of the short form; it is enough that the words used "unmistakably convey the same meaning as those contained in the short form." State v. Durbin, supra.

The case of State v. England was decided in 1920 and, for that reason alone, does not control here as the use of short forms, in charging certain offenses, was not authorized until the enactment of the Code of Criminal Procedure in 1928.

The second ground of the motion to quash is that the bill of information is too vague and indefinite and is not sufficiently specific to enable appellant to prepare his defense.

This contention is not substantial for the reason (among others) that the minutes of the court show that, on the day of the trial, counsel for appellant entered into a stipulation with the State to the effect that, if a motion for a bill of particulars had been filed, the State had furnished appellant with all the information to which he was entitled under the law, to wit—the approximate hour of the crime and exact place where it was committed.

The third specification of the motion is that the bill of information is so defective that it is violative of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States.

This claim is without force as it is based on the unsound premise that the bill of information is defective.

While the victim of the robbery was testifying, he was asked by the prosecution whether appellant had said anything at the time he was identified in the lineup at the police station, where he was required to appear with four other colored males during the police investigation of the case. Defense counsel immediately objected to anything that might have been said by appellant on that occasion, evidently anticipating that the prosecution was attempting to introduce an oral confession or an inculpatory statement without laying the proper foundation for its admission. Upon assurances from

the Assistant District Attorney that he was not attempting to elicit evidence of any inculpatory statement and that his question pertained merely to the identification routine used by the police department, the judge overruled the objection and permitted the witness to answer the question. Bill of Exceptions No. 2 was then reserved by defense counsel.

In this Court, counsel has declared in oral argument and in brief that, although the testimony pertaining to this bill, which was taken down by the court stenographer, was not made part of the bill and is not contained in the transcript, the testimony of the witness revealed that appellant was required to state, while standing in the police lineup at the time of his identification, "This is a hold-up". Counsel contends that this utterance was made under compulsion as appellant was under arrest and, construing it to be a confession or, at least, an inculpatory statement not shown to be free and voluntary, he maintains that its introduction was violative of R.S. 15:451 and R.S. 15:452 and Section 11 of Article 1 of the Constitution, providing that no person shall be compelled to give evidence against himself in any proceeding which may subject him to criminal prosecution.

We find no substance in the bill, primarily for the reason that, since counsel did not, in preparing his bill of exceptions, require that the evidence pertaining to his

objection be attached thereto, we have no way of knowing whether the testimony of the State's witness indicated that appellant had given an inculpatory statement. Obviously, we cannot accept counsel's version of the evidence. On the contrary, in the absence of a note of evidence, we are bound by the per curiam of the trial judge. See State v. Hardy, 198 La. 1048, 5 So.2d 330; State v. Wideman, 218 La. 860, 51 So.2d 96; State v. Delatte, 219 La. 715, 53 So.2d 906 and State v. Edwards, 232 La. 577, 94 So.2d 674. Although the judge does not recite the substance of appellant's statement in his per curiam, he concludes that " * * there was nothing in the nature of an inculpatory statement made by the defendant at this time, * * *" meaning at the time he appeared and was identified in the lineup at the police station. In view of the fact that appellant did not attach the evidence given by the State's witness to his bill, it is impossible for us to say that the judge's conclusion that appellant's statement was not inculpatory is incorrect.

▉ Bill No. 3 was reserved under the following circumstances. It appears that there were two armed robberies of the same gasoline filling station—the one here charged occurring on September 15, 1961 and another one on September 20, 1961. When Officer Gross was on the stand testifying for the prosecution, he was asked whether he had investigated the robbery and he replied that he had investigated a robbery of the filling station on September 20th. At that point, the court told the witness that the jury was interested only in the armed robbery which took place on September 15th. The Assistant District Attorney then remarked that he had mentioned the robbery of September 20th only because the officer was speaking of certain additional witnesses who were not involved in the armed robbery of September 15th. Whereupon, defense counsel objected and moved that the testimony of the officer be stricken from the record as being prejudicial to appellant. The judge then asked the police officer whether he knew anything about the armed robbery occurring on September 15th. The witness answered in the affirmative, stating that he had investigated that armed robbery as a follow-up investigation. When counsel for defendant still objected, the court overruled the objection and a bill of exceptions was reserved.

We find nothing in this bill for a number of reasons. In the first place, the judge states in his per curiam (and the portion of the evidence attached to the bill sustains the statement) that he admonished the jury to disregard any testimony respecting any other occurrence except the one alleged to have occurred on September 15, 1961. Secondly, so far as the officer's testimony pertained to the offense on September 15th, it is clear that the witness was qualified to give evidence within his own

knowledge as to his investigation of that robbery.

Apparently, counsel's contention in this Court seems to be that, because there were two armed robberies occurring at the same place of business, it was improper for any evidence to be adduced concerning the one for which appellant was not being tried. The answer is, of course, that the judge made it plain that the jury was to disregard any such evidence. But, even if he had not instructed the jury thusly, such evidence was clearly admissible if it tended to show that appellant was the perpetrator of the second robbery—for evidence of the commission of similar offenses by an accused is admissible, not to prove the offense charged, but for the purpose of showing guilty knowledge and intent. See Article 446 of the Code of Criminal Procedure, R. S. 15:446.

During the cross-examination of a police officer, who had appeared as a witness for the prosecution, defense counsel sought to interrogate him concerning the vagrancy statute (R.S. 14:107) under which appellant had been held for four days prior to the time he was charged with armed robbery. The Assistant District Attorney objected that such testimony was irrelevant and, when the objection was sustained, counsel reserved Bill of Exceptions No. 4.

In his per curiam to this bill, the trial judge correctly states: "In view of the

fact that there was no confession or inculpatory statement of any kind introduced against the defendant in this case, it was not in my opinion relevant to show that the defendant was held in jail for investigation presumably for several days while he was charged with a violation of R.S. 14:407". We perceive no merit in the bill.

The conviction and sentence are affirmed.

FOURNET, J., absent.

HAWTHORNE, J., takes no part.