SANDERS, Justice.
 

 Defendant, Donald Lee Ragsdale, was charged with armed robbery of H. B. Cannon. After trial, the jury returned a verdict of guilty. The court sentenced him to a term of ten years in the Louisiana State Penitentiary.
 

 Relying upon eleven Bills of Exception perfected in the trial court, he has appealed to this Court.
 

 These are the background facts: A man, armed with a revolver, entered the grocery store of H. B. Cannon in West Monroe, Ouachita Parish, on September 17, 1965, at about 7:30 a. m. At the time, Cannon was the only person in the store. The armed man obtained about $120.00 from Cannon by threatening him with the weapon. The culprit left in an automobile witnesses described as a 1953 or 1954 Chevrolet sedan with a Texas license and a “Louisiana Tech Bulldog” sticker.
 

 About 8:20 a. m., the Lincoln Parish Sheriff stopped a 1953 Chevrolet generally fitting that description about eleven miles east of Ruston. Defendant Ragsdale was operating the automobile. A loaded .22 caliber pistol and some ammunition were in the glove compartment. The officer took Ragsdale to the Lineóla Parish Courthouse. When he was searched, about $100 was found on his person, most of it hidden in his left shoe.
 

 
 *425
 
 Within fifteen minutes Sheriff’s deputies from Ouachita Parish arrived at the courthouse. These deputies obtained disc-recordings of a lengthy statement made by defendant admitting he committed the armed robbery.
 

 Bills of Exception Nos. 1, 3, and 4
 

 These Bills relate to challenges for cause of prospective jurors.
 

 Defendant reserved Bill No. 1 to the overruling of his challenge for cause of prospective juror Marshall D. Powell. Defendant challenged him because the juror knew prosecuting witness Cannon and he himself had been the victim of a robbery on one occasion.
 

 The
 
 voir dire
 
 transcript attached to the Bill shows the prosecuting witness was only a “passing acquaintance” of the juror, who testified he could render a fair and impartial verdict. The trial judge fully explored the juror’s attitude toward the case and concluded he was unbiased. Under these circumstances, the casual acquaintanceship constituted no ground for challenge. LSA-R.S. 15 :351; State v. Atwood, 210 La. 537, 27 So.2d 324.
 

 The
 
 voir dire
 
 also closely questioned whether the juror was biased because he had once been robbed. We are satisfied, as was the trial judge, that his impartiality was unaffected. Thus, the fact he had been robbed does not provide a cause for challenge. LSA-R.S. 15:351; State v. Martinez, 220 La. 899, 57 So.2d 888, cert. denied 344 U.S. 843, 73 S.Ct. 58, 97 L.Ed. 656.
 

 We conclude the trial judge correctly overruled the challenge.
 

 Defendant reserved Bill No. 3 when the court overruled his challenge for cause of prospective juror Frank A. Duffey.
 

 On
 
 voir dire,
 
 defense counsel asked the prospective juror whether he was related to any deputy sheriffs of Ouachita Parish. He replied “No.” On redirect examination, the district attorney asked him specifically whether he had
 
 previously
 
 been a brother-in-law of a deputy sheriff. He replied he had been married to a deputy’s sister, but they had been divorced. Furthermore, the juror stated he had had no contact with the sheriff’s office for several years and could render an impartial verdict.
 

 Defendant challenged the juror because of an alleged contradiction in his testimony.
 

 There is no contradiction in the juror’s testimony. Pie truthfully answered he was not related to a deputy sheriff and readily admitted his former relationship. The trial judge’s ruling is correct.
 

 Defendant reserved Bill No. 4 when the trial judge overruled a challenge for cause of prospective juror Seymour B. Tuey, who testified he had once been the victim of a robbery. This circumstance
 
 *427
 
 was fully explored during voir dire. A business with which' the prospecthie juror was connected had' been robbed several years before the trial. The prospective juror was not present when the crime occurred. He testified he could render a fair and impartial verdict.
 

 We find no error in the trial judge's ruling. State v. Martinez, supra.
 

 Defendant reserved Bill No. 5 during the state's direct examination of Deputy Sheriff Warren Sievers, a state witness, after he objected unsuccessfully to the following question and answer:
 

 "Q. Did you make any photographs there?
 

 "A. Yes, sir, I made photographs of a shirt under the Y-20 bridge and I made a photograph of-"
 

 The trial judge correctly answers this Exception in his Per C'uriam:
 

 "The answer to the question which was objected to was not responsive to the question but the answer itself was not prejudicial to the defendant. The statement as to what was photographed did not indicate that such object had any prejudicial effect upon or relationship to the defendant. It will be noted by the complete record that finally the foundation evidence was laid so that the photographs were admitted. The photographs were not admitted until all' of the foundation was laid and until testimony did indicate that the objects photographed had some direct connection with the defendant and the offense committed."
 

 Bills of Exception Nos. 7, 9, and 16
 

 These Bills relate to the introduction of defendant's confession.
 

 Defendant reserved Bill No. 7 when the court sustained the state's objection to a defense question. Defense counsel had asked defendant Ragsdale the following question, while the judge was hearing foundation testimony for admission of defendant's confession:
 

 "Q. Was anything said to you at that time about [an alleged girl friend of defendant] * * *?"
 

 The trial judge correctly states in his Per Gun am:
 

 "He did not preface this question with the identification of who made any remarks or said anything. An answer without such identification would not necessarily, show that they were police officers or such other persons who could exert. duress or pressure to secure an involuntary confession. The objection by the District Attorney was that he had failed to identify who said anything in regard to this person since evidence by one oth~r than an officer would not. necessarily be admitted in evidence and if admissible, the State had a right to
 
 *429
 
 know from whom the statement came. It will be noted that counsel for defendant was able to elicit the information he wanted when questions were properly phrased. The objection . made by the District Attorney and sustained by the Court was as to the phrasing of the question and' did not limit examination into this matter. The ruling was not prejudicial to the. defendant in that the information he sought to present was elicited when proper interrogation was made.”
 

 Defendant reserved Bill No. 9 when the judge ruled the confession admissible as evidence. Bill of Exception 16, based on identical grounds, was reserved when the state offered the confession in evidence before the jury. Defendant attacks the admission of the confession on three grounds:
 

 (1) The investigating officers procured the confession by promising if he confessed they would not implicate his friend in the offense.
 

 (2) Defendant was afforded no counsel before his interrogation, in violation of . the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and Article I, Section 9 of the Louisiana Constitution.
 

 (3) Defendant was not booked before interrogation, as directed by LSA-R.S. 15:77 and LSA-R.S. 15:80.
 

 The first objection relates to the voluntary nature of the confession. Before a confession can be introduced in evidence, the burden is upon the state to prove beyond a reasonable doubt it was free and voluntary. State v. Scott, 243 La. 1, 141 So.2d 389; State v. Stewart, 238 La. 1036, 117 So.2d 583; State v. Honeycutt, 216 La. 610, 44 So.2d 313.
 

 Testifying about the circumstances surrounding the confession were the three officers to whom defendant made the confession. Their testimony establishes they advised defendant of his rights and used neither promises nor threats to secure the confession. We conclude, as did the trial judge, the state discharged its burden of proving the confession was voluntary.
 

 Defendant next contends a confession is inadmissible when made by a suspect without assistance of counsel. Defendant relics upon the United States Supreme Court decision in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L,Ed.2d 977.
 

 Because his automobile fitted the description of the one used in the robbery, defendant was taken into custody shortly after the robbery. The officers took him to the Lincoln Parish Courthouse, where the investigating officers advised him of his rights to remain silent and to counsel prior to interrogation. He made no request for
 
 *431
 
 counsel; rather, he stated he did not wish to consult, an attorney.
 

 This Court has held a police officer’s failure to inform a defendant of his right to counsel, before taking an otherwise voluntary confession, does not render the confession inadmissible. State v. Simien, 248 La. 323, 178 So.2d 266. In this case, however, the investigating officers did advise defendant of his right.
 

 In Escobedo v. State of Illinois, officers obtained a confession from defendant after denying his request to consult his retained attorney. The Court held denial of that request, after the investigation had focused upon defendant and under the circumstances shown, barred the introduction of the confession in evidence. We do not construe this decision to require all suspects to be represented by counsel during their interrogations by police authorities. Such a requirement would seriously impede criminal investigation and reduce the protection of our law abiding citizens from the ravages of crime. The cited decision is inapplicable here both because of factual differences and because defendant was fully advised of his right to counsel but stated he did not want to consult a lawyer.
 

 The final objection to the confession is it resulted from interrogation of defendant before he was booked as directed by LSA-R.S. 15:77.
 

 This question has been decided adversely to defendant in State v. Edwards, 232 La. 577, 94 So.2d 674. In that case, this Court held a confession was not inadmissible merely because it was taken before defendant had been booked. Although defendant suggests the decision is unsound, we find no reason to depart from it.
 

 Bill of Exception No. 20
 

 Defendant reserved Bill No. 20 when the trial judge refused to give the following special jury instruction he requested concerning the confession:
 

 “You are instructed that you must determine whether or not the purported confession of the defendant in this case was freely and voluntarily given by the defendant and accept or reject it accordingly. That is to say, if you find that the purported confession of the defendant was not voluntarily given, but was only given under the inducement of promise of a law enforcement officer, such as a promise to the defendant that a person near and dear to him would not be involved in the case or picked up by law enforcement officials if the defendant would give a statement, then, and in such event, you must reject the statement and give it no consideration whatsoever in your deliberation.
 

 “If, on the other hand, you determine that the confession was freely and voluntarily given by the defendant, then, and in such event, you may consider the statement as evidence in this case. How
 
 *433
 
 ever, the weight to be afforded such confession or any portion thereof is for your determination. Auy confcssiois should be received with grecit cautiou, and, although a free and voluntary confession by a person accused of a crime is evidence against him, it is with the jury to attach to such a confession the weight to which it is entitled." (Emphasis ours).
 

 In his Per Cwricim, the trial judge states the requested charge was not wholly correct but, insofar as it did state the correct law, it was adequately covered by the general charge. The ruling was proper.
 

 LSA-R.S. 15 :390 defines the judge's duty to give requested charges:
 

 "The prosecution and the defense have each the right to present to the court, before the argument has begun, any written charge, or charges, and request that the same be given. Except as otherwise provided herein, the judge must give every such requested charge that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already given, or unless such charge require qualification, limitation or cxplanation."
 

 Without analyzing the requested charge in detail, we note it instructs the jury to receive a confession with "great caution" though it be free and voluntary. Such a cautionary statement does not accurately reflect the law. Since the general charge has not been made part of a Bill of Exception, we accept the trial judge's Per Curiam that the subject matter of the instruction was covered in the general charge. See State v. Howard, 243 La. 971, 149 So.2d 409, and State v. Guin, 212 La. 475, 32 So.2d 895.
 

 The trial judge may decline to give a special charge when it is not wholly correct. LSA-R.S. 15 :390; State v. Clark, 231 La. 807, 93 So.2d 13. The judge may also refuse a special charge when the subject matter is covered by the general charge. LSA-R.S. 15:390; State v. Hills, 241 La. 345, 129 So.2d 12; State v. Bickham, 239 La. 1094, 121 So.2d 207, cert. denied 364 U.S. 874, 81 S.Ct. 123, 5 L.Ed. 2d 98; State v. Espinosa, 223 La. 520, 66 So.2d 323.
 

 Bill of Ezceptiou No. 21
 

 Defendant reserved this Bill to the overruling of his Motion in Arrest of Judgment. The only additional question raised in that motion is the sufficiency of the Bill of Information, in the short form of LSA-R.S. 15:235. It charges defendant "wilfully and unlawfully while armed with a dangerous weapon, to-wit: a .22 revolver, robbed H. B. Cannon. * * *,,
 

 The sufficiency of the short form for armed robbery has been upheld by this
 
 *435
 
 Court. State v. Howard, 243 La. 971, 149 So.2d 409.
 

 Bill of Exception No. 22
 

 •Defendant reserved this Bill to the overruling of his Motion for a New Trial. In. this motion, defendant reiterated all objections he made in Bills of Exception discussed above. Hence, it presents nothing further for review.
 

 For the reasons assigned, the conviction and sentence are affirmed.