359 So.2d 174 (1978)
STATE of Louisiana
v.
Donald COLLINS.
No. 61294.
Supreme Court of Louisiana.
May 22, 1978.
Rehearing Denied June 15, 1978.
*175 William J. O'Hara, III, Supervising Atty., New Orleans, Kim Allison Gandy, Student Practitioner, Loyola Law School Clinic, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Henry P. Julien, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Donald Collins, with armed robbery, a violation of LSA-R.S. 14:64. The jury returned a guilty verdict. The court sentenced him to forty years imprisonment.
The defendant appeals. He relies on five assignments of error for reversal of his conviction and sentence. As he failed to brief or argue Assignment of Error No. 4, we consider it abandoned. State v. Phillips, La., 337 So.2d 1157 (1976); State v. Blanton, La., 325 So.2d 586 (1976); State v. Carlisle, La., 315 So.2d 675 (1975).
We adduce the following context facts:
As Alvin Richards drove his car, the defendant (a neighbor) called to him. Richards pulled over and the defendant entered.
*176 He pointed a sawed-off shotgun at Richards and directed him to drive. After traveling about one mile, the defendant ordered Richards out. Then, the defendant drove off in Richards' car.

ASSIGNMENT OF ERROR NO. 1
The defendant complains of the denial of a motion in arrest of judgment, in which he alleged that "the Court improperly refused to accept [his] plea of guilty to the agreed lesser charge [simple robbery], and allowed the untimely jury verdict to be entered."
Approximately two hours after the jury had begun deliberations, the State and defense counsel began plea negotiations in the judge's chambers. The parties discussed three factors: the possibility of the jury returning a verdict prior to the defendant's entering a plea; the procedural aspect of the declaration of a mistrial before or after the defendant pled guilty; and the conditions of the plea.
The judge stated that if the jury returned a verdict prior to the defendant's entering a plea, he would accept the jury's verdict in lieu of the plea.
Defense counsel requested that the court declare a mistrial before the defendant pled guilty, and that he plead guilty out of the presence of the jury. Based on his experience of defendants refusing to plead guilty at the last moment (even after signing the Boykinization form), the judge stated that he would require the defendant to formally enter a plea before he called the jury in and declared a mistrial. However, the judge would not require the defendant to plead before the jury.
The State, in exchange for a guilty plea to simple robbery, offered the defendant ten years imprisonment. The defendant rejected it. The State then asked if he would accept five years imprisonment. The defendant indicated that he would; however, the State refused to extend that offer. The State then proposed seven years imprisonment and the defendant orally accepted it. At first the judge approved it, but "about thirty seconds later" he stated that he would only approve the plea if the defendant agreed to the maximum penalty for simple robbery, ten years. When he said this, defense counsel had already left the room and began to fill in the printed plea bargain form. Simultaneous with the judge's statement, he was informed that the jury had reached a verdict. When defense counsel learned that the jury had returned, he had only placed the defendant's name and the crime to which he was to plead guilty on the plea bargain form.
Over defense objection, the judge refused to entertain the plea and received the guilty verdict from the jury.
The defendant avers that the seven-year plea is binding on the court. He argues that the plea bargain was complete, subject only to the court's Boykinization of the defendant. Further, he analogizes the situation to the civil law concepts of offer and acceptance, and of compromise and settlement.
A trial judge is under no duty to accept a plea bargain that restricts his sentencing authority. This Court may not review his action. State v. Williams, La., 341 So.2d 370 (1976). The trial judge stated that he would accept the verdict of the jury if the jury returned prior to the defendant's entering a plea. When the jury returned, the plea bargain had not been consummated or the plea tendered. At that point, the "plea bargain" was in the following posture: the court had stated that it would only accept a bargain subjecting the defendant to ten years imprisonment; the defendant had, moments before, rejected an offer of ten years; the defendant had not pled guilty or signed a plea bargain form; and the court had not questioned the defendant as to the voluntariness of the plea. Under these circumstances, we find no error in the trial judge's acceptance of the jury verdict. Thus, the court's denial of the motion in arrest of judgment was proper.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
The defendant alleges that "[t]he trial court committed reversible error when it *177 denied [his] motion for new trial, based on the trial court's refusal to allow a juror to volunteer information concerning her possible prejudice [that she was the victim of a similar crime]."
An allegation concerning the competency of a juror is tardy when first raised after the verdict. See LSA-C.Cr.P. Art. 841. It is not the proper subject for a motion for a new trial. See LSA-C.Cr.P. Art. 851.
In any event, during oral argument to this Court, both parties stated that the juror was acceptable on all other bases. The declaration of an otherwise fair and impartial juror that she was previously the victim of a crime similar to that which the defendant stands charged does not render her incompetent to serve. See State v. Ragsdale, 249 La. 420, 187 So.2d 427 (1966); State v. Martinez, 220 La. 899, 57 So.2d 888 (1952). Thus, the defendant was not prejudiced by the court's ruling which prevented the juror from stating that she was the victim of a similar crime.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
The defendant complains that the trial judge improperly allowed the jury to be chosen from a venire composed of less than seventy-five prospective jurors.
When forty prospective jurors arrived, the court stated that it wanted more than forty in the courtroom. Defense counsel then objected "to the number." The court requested ten additional prospective jurors. When they arrived (bringing the total up to fifty), voir dire began.
The correct procedural device for alleging that the general or petit jury venire was improperly drawn, selected or constituted is a motion to quash. LSA-C.Cr.P. Art. 532(9). The failure of a defendant to timely file one constitutes a waiver of the objections. LSA-C.Cr.P. Art. 535 D; State v. Durr, La., 343 So.2d 1004 (1977), and the cases cited therein. Here, counsel neglected to file a motion to quash. Thus, he has waived his objection complaining of the number of prospective jurors.
Moreover, we find yet another procedural defect preventing our treatment of the issue. When the judge ordered the court officer to call another ten prospective jurors, the defendant did not object to the presence of only fifty jurors. Rather, he acquiesced in the ruling. LSA-C.Cr.P. Art. 841.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 5
Richards, the victim, testified that he feared that the defendant would take his life.
When the defendant's sister testified, defense counsel asked her if the victim "appeared to be afraid." She answered no. The prosecutor objected, arguing that the question called for a conclusion. The court sustained the objection and the defendant now challenges the ruling.
The court's subsequent ruling did not prejudice the defendant for his witness answered the question, and the court did not admonish the jury to disregard the answer. LSA-C.Cr.P. Art. 921.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
In rebuttal argument, the prosecutor commented upon the failure of defendant's sister to turn her brother in to the police. The defense objected, contending that this was an inflammatory argument since his sister was under no legal obligation to do so.
Before a verdict is set aside on the ground of improper argument, this Court must be thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Western, La., 355 So.2d 1314 (1978); State v. Davis, La., 353 So.2d 275 (1977); State v. Lee, La., 340 So.2d 180 (1976). The defendant has failed to so convince us. The statement did not totally impeach the witness's credibility, as the defendant contends. The issue was *178 peripheral and irrelevant to the defendant's guilt or innocence.
This assignment of error is without merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
DIXON, J., concurs.
DENNIS, J., concurs in the decree.