577 So.2d 770 (1991)
STATE of Louisiana, Appellee,
v.
Ronald WALKER, Appellant.
No. 22372-KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
Writ Denied June 21, 1991.
*771 Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Howard M. Fish, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before MARVIN, SEXTON and BROWN, JJ.
*772 SEXTON, Judge.
Defendant was found guilty as charged, following trial by jury, of second degree murder and was given the mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant appeals his conviction, raising four assignments of error.[*] We affirm.
The defendant, Ronald Walker, and the victim, Linza Ballard, both of Shreveport, worked as orderlies at Willis-Knighton Medical Center. The defendant lived upstairs in an apartment house on Greenwood Road. As a friendship developed between the two men, and when space became available, Ballard and his girlfriend moved into the same apartment house, occupying a unit downstairs.
Discord developed as Ballard began to accuse the defendant of having an affair with his girlfriend. After work on August 20,1988, the defendant went to a pawnshop and purchased a .25 caliber handgun and a box of bullets. When the defendant later arrived at home, Ballard yelled at the defendant as the defendant was on his way upstairs to his apartment. Armed with the handgun in his pocket, the defendant went downstairs to see Ballard.
The defendant met Ballard at the front door of Ballard's apartment, drew his gun, fired at him and followed him into the apartment, all the while continuing to fire until he emptied the gun. The defendant left the apartment, walked outside, placed the gun on the ground and told someone to call the police. Shreveport police officers called to the scene arrested the defendant, who admitted to the shooting. Ballard, struck in the chest and forearm, later died at the hospital as a result of the gunshot wounds.
The defendant was charged by grand jury indictment with second degree murder. At trial, he claimed that Ballard had continually accused and threatened him and that, as a result, he was afraid for his life.
Based on the evidence presented, the jury rejected the defendant's claim of self defense and found him guilty as charged. The trial court sentenced him to the statutorily mandated life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

CHALLENGES FOR CAUSE
Defendant originally contended that the trial court erred in failing to grant his challenges for cause to three prospective jurors. Although defense counsel used peremptory challenges to excuse two of them, the third was sworn as the eleventh juror because the defense had exercised all of its peremptory challenges. However, in brief, defendant admits that the trial court did not err in rejecting the challenge for cause as to the third challenged juror, the one which was sworn. The defendant argues on appeal that the trial court did err in refusing to grant his challenges for cause against the others, resulting in reversible error.
During the questioning of Debra Ellis, issue was made of the fact that she was married to a Caddo Parish Sheriff's deputy who was a guard at the Caddo Detention Center. The defense asserted that the nature of the relationship necessarily called into question the impartiality of Ms. Ellis and her ability to serve on the jury. The trial court was apparently satisfied with the ability of Ms. Ellis to render a just verdict and overruled this challenge for cause.
During the questioning of Melanie Moore, issue was made of the murder of Ms. Moore's brother in 1983 and the fact that it took two to three years to go to trial. The defense challenged Ms. Moore for cause, arguing the partiality of Ms. Moore as a result of her brother's murder, the length of time it took to go to trial, and *773 the pain and suffering she endured. Based upon the response to the prospective juror's voir dire examination, the trial court was apparently satisfied with her ability to render a just verdict and overruled defendant's challenge for cause.
LSA-C.Cr.P. Art. 797 sets forth the grounds upon which the state or the defendant may challenge a juror and provides, in part, as follows:
Art. 797. Challenge for cause
The state or the defendant may challenge a juror for cause on the ground that:
....
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence.
....
A challenge for cause should be granted even where a prospective juror declares impartiality if the juror's testimony on voir dire reveals the existence of facts from which bias, prejudice, or inability to render judgment according to the law may be reasonably inferred. State v. Smith, 430 So.2d 31 (La.1983); State v. Albert, 414 So.2d 680 (La.1982); State v. Lewis, 391 So.2d 1156 (La.1980). The true test of a juror's qualification to serve is his or her ability to judge impartially based on the evidence adduced at trial, as gleaned from the totality of responses given at voir dire. State v. Williams, 410 So.2d 217 (La.1982). The trial judge is vested with broad discretion in ruling on a challenge for cause and his ruling will not be disturbed on appeal absent a showing of abuse. State v. Monroe, 366 So.2d 1345 (La.1978), appeal after remand, 397 So.2d 1258 (La.1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1411 (1983), reh. denied, 463 U.S. 1249, 104 S.Ct. 36, 77 L.Ed.2d 1455 (1983).

Debra Ellis
Defendant argues in brief that, due to Ms. Ellis's marriage to a Caddo Parish deputy sheriff, she would be more inclined than others to have a narrow-minded, suspicious attitude toward him or any other defendant. Notwithstanding her answers to further questions, defendant argues that his challenge for cause as to Ms. Ellis should have been granted and that the district court's failure to do so constitutes reversible error.
A juror's relationship to one associated with law enforcement only disqualifies her if the relationship is "such that one might reasonably conclude that it would influence the juror in arriving at the verdict." State v. Comeaux, 514 So.2d 84 (La.1987). The situation calls for close scrutiny but does not automatically disqualify the potential juror. State v. Jackson, 548 So.2d 57 (La.App. 3rd Cir.1989).
A juror in Comeaux, supra, was a civilian employee for a police department. The district court denied defendant's challenge for cause. The supreme court concluded that the juror's work as a dispatcher for the police department was only tangentially involved with actual law enforcement duties. Moreover, she unequivocally asserted that she could and would be able to decide the case fairly and impartially despite her employment. Thus, the court held, the district court did not abuse its discretion in denying defendant's challenge of the juror.
In State v. Sonnier, 379 So.2d 1336 (La. 1979), on appeal following remand for resentencing, 402 So.2d 650 (La.1981), cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983), reh. denied, 463 U.S. 1249, 104 S.Ct. 36, 77 L.Ed.2d 1455 (1983), the Louisiana Supreme Court found no abuse of discretion in the district court's denial of a challenge for cause of a juror (1) who had a niece married to the brother of the rape/murder victim of the crimes for which defendant was being tried, (2) whose mother and father were old friends of the family of the rape/murder victim's boyfriend, himself a second murder victim in the same crime, (3) who had known the boyfriend/murder victim since infancy, (4) whose brother had employed the boyfriend/victim *774 prior to the murder, and (5) whose other brother was serving as sheriff of the adjoining parish from which the two victims were abducted and transported to the remote crime scene. With regard to the juror's relationship to the neighboring sheriff, the supreme court noted that, while the neighboring sheriff's office did have some involvement in the investigation of the crime, the juror and her brother the sheriff never discussed the case. While the supreme court "recognize[d] the closeness of the issue," it ultimately concluded that the juror's state of mind was not such that she would have been unable to render impartial justice.
Finally, in State v. Qualls, 353 So.2d 978 (La.1977), the supreme court found no error in the district court's denial of a challenge for cause of a juror whose husband was a law enforcement officer even though she originally opined that, if the defendant was just as innocent as she was, he would not be on trial. She had also testified that she might be more inclined to believe a law enforcement witness than other witnesses. On further voir dire by the district court, however, she accepted the presumption of innocence and indicated that she could accept the testimony of other witnesses over that of law enforcement officers.
During voir dire, Ms. Ellis testified that her husband of two and one-half years had been a guard at Caddo Detention Center, a parish prison, for approximately two years, but that she had virtually no knowledge of, or interest in, his employment. She denied that she would feel any pressure to vote one way or the other simply because her husband was a deputy sheriff and she claimed to have no personal beliefs that would prevent her from rendering a just verdict. She further indicated that she accepted that an individual is presumed innocent until each element of the charged offense was proven by the state and that she would have no problem rendering a verdict of not guilty if she believed, at the end of the case, that the state had failed to prove its case beyond a reasonable doubt. We find no abuse of discretion in the district court's denial of the challenge for cause with regard to Ms. Ellis.

Melanie Moore
Defendant next argues that the district court should have granted his challenge for cause regarding Melanie Moore. Ms. Moore testified that her brother had been murdered several years before.
In State v. Jones, 381 So.2d 416 (La. 1980), the district court denied a challenge for cause regarding a juror whose husband had been a victim of a similar crime (robbery) one year earlier. Upon questioning by the prosecution and the court regarding this experience, the juror expressed her conviction that she was capable of giving the defendant a fair and impartial trial. The supreme court found no merit to defendant's argument that the district court's denial of challenge was error.
A similar result obtained in State v. Valentine, 464 So.2d 1091 (La.App. 1st Cir. 1985), writ denied, 468 So.2d 572 (La. 1985). There, the juror's sister had been murdered. Despite the murder, the juror unhesitatingly said that she could and would be fair and impartial toward the defendant. The court of appeal found no abuse of the district court's discretion in denying the challenge.
In the instant case, Ms. Moore testified that she held no ill feelings toward the criminal justice system, felt she could view the evidence fairly, and seemed cognizant of the ramifications of a criminal proceeding as serious as the instant matter.
The fact that a juror personally has been the victim of a crime will not necessarily preclude that juror from serving on a jury as long as the juror's partiality has been unaffected. State v. Collins, 359 So.2d 174 (La.1978); State v. Ragsdale, 249 La. 420, 187 So.2d 427 (1966), cert. denied, 385 U.S. 1029, 87 S.Ct. 758, 17 L.Ed.2d 676 (1967). That being the case, we find no merit to defendant's argument that Ms. Moore should have been excused solely because of her relationship to one who has been a crime victim.
We find no abuse of discretion in the district court's denial of the challenges for *775 cause regarding these two jurors; there is no merit to this assignment of error.

ADDITIONAL JURY INSTRUCTIONS
After retiring, the jury requested additional instructions in the form of either a re-reading of the charge in its entirety or, more particularly, the statements in reference to the law. Upon inquiry by the court, the foreman stated the jury wished a re-reading of the law charging the crimes, specifically the "options" and definitions of those crimes. The court then read the definition of second degree murder, the penalty, the definition of the responsive verdict of manslaughter, and the definition of self defense.
The defendant alleges that the trial court erred in failing to include the definitions of specific intent and general intent in its supplemental reading, thus tending to diminish in the minds of the jury the importance of deciding the issue of intent.
LSA-C.Cr.P. Art. 808 provides the manner of giving further charges or instructions after the jury retires and provides as follows:
If the jury or any member thereof, after having retired to deliberate upon the verdict, desires further charges, the officer in charge shall bring the jury into the courtroom, and the court shall in the presence of the defendant, his counsel, and the district attorney, further charge the jury. The further charge may be verbal.
Following the jury's request for additional instructions, the court complied. Although defendant alleges the trial court erred in failing to include the definitions of specific and general intent, no objection was made to the trial court's charge. Defendant's failure to object to the additional instructions, or lack thereof, immediately after the jury retired precludes us from reviewing this assignment of error. State v. Mack, 403 So.2d 8 (La.1981); State v. Ruple, 437 So.2d 873 (La.App. 2d Cir.1983).

ERRORS PATENT
The defendant seeks to have this court inspect the record for any errors patent. Our review of the record has failed to disclose any such errors.
For the above and foregoing reasons, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[*] The defendant's assignment of error regarding the trial court's alleged error of refusing to allow evidence of the victim's prior conviction was neither briefed nor argued in brief. It is therefore considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La.1990); URCA Rule 2-12.4.