# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 23-616

STATE OF LOUISIANA

VERSUS

SHERON LAMAR LEWIS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 1765-22
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**D. KENT SAVOIE
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Sheron Lamar Lewis**

**Stephen C. Dwight**
**District Attorney**
**David S. Pipes**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**SAVOIE, Judge.**

Defendant appeals his convictions and sentences, arguing that the trial court erred in denying his Motion for New Trial that challenged the selection of the jury venire. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 13, 2022, a Calcasieu Parish grand jury filed a bill of indictment charging Defendant, Sheron Lamar Lewis, with the first degree murder of his wife, Kenesha Camille Spencer, in violation of La.R.S. 14:30; the attempted first degree murder of his stepdaughter, K.P., in violation of La.R.S. 14:27 and La.R.S. 14:30; and the possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1.[1] Defendant subsequently entered a plea of not guilty. On January 27, 2023, following the presentation of evidence and argument, a jury unanimously found Defendant guilty of all charges.

On March 17, 2023, Defendant filed a Motion for New Trial, challenging the composition of the jury venire and specifically alleging that the jury summonses were defective because they did not implement the 2021 amendment to La.Code Crim.P. art. 401(A)(5), which allowed convicted felons to serve on juries provided that they "not be under indictment, incarcerated under an order of imprisonment, or on probation or parole for a felony offense within the five-year period immediately preceding the person's jury service." He asserted that a new trial was mandated by La.Code Crim.P. art. 851(B)(4) as this error was not, and could not have been with reasonable diligence, discovered prior to the verdict. Following a hearing on March 21, 2023, the trial court denied Defendant's Motion for New Trial.

---

[1]Initials of the minor victim are being used pursuant to La.R.S. 46:1844(W)(1)(a).

On March 22, 2023, the trial court sentenced Defendant on the count of first degree murder to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. As to the count of attempted first degree murder, the trial court sentenced Defendant to fifty years at hard labor without the benefit of probation, parole, or suspension of sentence, to run consecutively with the sentence for first degree murder. As to the count of possession of a firearm by a convicted felon, the trial court sentenced Defendant to fifteen years at hard labor without the benefit of probation, parole, or suspension of sentence, to run concurrently with the sentences for first degree and attempted first degree murder. Defendant thereafter filed a Motion to Reconsider Sentence, which the trial court denied the same day.

Defendant, through counsel, now appeals. In his sole assignment of error, he contends that the trial court erred in denying his Motion for New Trial. For the reasons discussed below, we hereby affirm.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we note that with respect to Defendant's sentence for possession of a firearm by a convicted felon, the trial court failed to impose a fine required by La.R.S. 14:95.1. However, because this issue was not raised, we will not correct the error on appeal. *See, State v. Brown,* 19-771 (La. 10/14/20), 302 So.3d 1109.

**ANALYSIS:**.

The grounds for a new trial in a criminal proceeding are set forth by La.Code Crim.P. art. 851, which states, in pertinent part, as follows:

> A. The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have

2

been the case the motion shall be denied, no matter upon what allegations it is grounded.

B. The court, on motion of the defendant, shall grant a new trial whenever any of the following occur:

. . . .

(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment.

The standard of reviewing a trial court's ruling on a motion for new trial is as follows:

> The denial of a motion for a new trial is not subject to appellate or supervisory review except for error of law. La.Code Crim.P. art. 858. The decision on a motion for new trial rests within the sound discretion of the trial judge. We will not disturb this ruling on appeal absent a clear showing of abuse. The merits of such a motion must be viewed with extreme caution in the interest of preserving the finality of judgments. Generally, a motion for new trial will be denied unless injustice has been done. *See* La.Code Crim.P. art. 851; *State v. Home [Horne ],* 28,327 (La.App.2d Cir. 8/21/96), 679 So.2d 953, 956, *writ denied,* 96–2345 (La.2/21/97), 688 So.2d 521.

> *State v. Austin,* 11–2150, p. 7 (La.App. 1 Cir. 6/8/12), 2012 WL 2061531 (unpublished opinion), *writ denied,* 12–1595 (La.2/8/13), 108 So.3d 77.

*State v. Pontiff*, 14-1049, pp. 16–17 (La.App. 3 Cir. 5/6/15), 166 So.3d 1120, 1132 (alteration in original), *writ denied*, 15-1107 (La. 10/28/16), 209 So.3d 94.

On appeal, Defendant notes that 2021 La. Acts No. 121, effective August 1, 2021, amended La.Code Crim.P. art. 401(A)(5) so as to allow convicted felons to serve on juries provided that they "not be under indictment, incarcerated under an order of imprisonment, or on probation or parole for a felony offense within the five-year period immediately preceding the person's jury service." Prior thereto, convicted felons were barred from serving on a jury, absent a gubernatorial pardon.

3

Defendant's basis for new trial was that the Calcasieu Parish Clerk of Court's jury summonses failed to implement Act 121; therefore, according to Defendant, the jury was improperly drawn, and Defendant's constitutional right to an impartial trial was violated.

While Defendant acknowledges that a motion to quash is the correct procedural vehicle by which to allege an improper drawing of a petit jury, and that a motion to quash was not filed, Defendant argues that he should, nevertheless, be entitled to appellate review because his due process rights were violated. Specifically, Defendant suggests that the clerk's systemic exclusion of convicted felons who are otherwise allowed by La.Code Crim.P. art. 401(A)(5) to serve as jurors infringed upon his Sixth Amendment right to a trial by an impartial jury, and specifically was in violation of the requirement that a jury must be from a representative cross-section of the community.

Defendant further argues that a new trial was proper in accordance with La.Code Crim.P. art. 851(B)(4) because evidence concerning the defective summonses was new, material, and not discovered before or during his trial.

In opposition, the State argues that Defendant's challenge to his jury venire was untimely because he failed to file a motion to quash before trial, and, therefore, Defendant waived his objection. In addition, the State contends that a new trial was not warranted by La.Code Crim.P. art. 851(B)(4) because Defendant's trial counsel was on notice of issues concerning the implementation of the 2021 amendment to La.Code Crim.P. art. 401(A)(5) by no later than December 2021, as evidenced by an email sent by a supervising attorney with the public defender's office; yet, his counsel did not raise the alleged issue until after trial. In addition, the State notes

4

that the record contains evidence indicating that defense counsel's office had actual notice of the jury summonses issued in connection with this case prior to trial.

In addition, the State argues that even if Defendant's motion was timely, it was legally deficient because Defendant failed to set forth a prima facie violation of the Sixth Amendment's cross-section requirement. Therefore, according to the State, Defendant's motion was properly denied.

In *State v. Brown*, 16-998, p. 66 (La. 1/28/22), 347 So.3d 745, 798, *cert. denied*, —— U.S. ——, 143 S.Ct. 886 (2023) (italics added), the Louisiana Supreme Court stated, "This court has long recognized the procedural device for alleging that 'the petite jury venire was improperly drawn, selected or constituted' is a motion to quash. La. C.Cr.P. art. 532(9); *State v. Edwards*, 406 So.2d 1331, 1347 (La. 1981); *State v. Collins*, 359 So.2d 174, 177 (La. 1978)." The motion must be in writing and filed before trial. *See* La.Code Crim.P. arts. 532(9), 536, and 535.

A Defendant who does not file a motion to quash on the grounds that the jury venire was improperly drawn, selected, or constituted in accordance with the timeliness and form requirements set forth in the Louisiana Code of Criminal Procedure waives his objection. *Brown*, 347 So.3d 745; La.Code Crim.P. art. 535(D).

Defendant in the instant case did not raise issues concerning the drawing of the jury venire prior to trial. Therefore, we find that Defendant waived this issue. In addition, the amendment to La.Code Crim.P. art. 401(A)(5), which Defendant contends was not properly considered in connection with the selection of the jury, took effect prior to Defendant's indictment and well over a year prior to trial. Defendant's counsel should have been aware of this amendment prior to Defendant's trial, and the record indicates that he was on notice regarding the implementation of

the amendment prior to trial and his office had actual notice of the jury summonses used in connection with Defendant's trial prior to trial; therefore, we find no abuse of discretion on the part of the trial court in denying Defendant's motion for new trial.

## **DECREE**

For the reasons set forth herein, Defendant's convictions and sentences are hereby affirmed.

**AFFIRMED.**