PER CURIAM.
The defendant, James V. Bourgeois, pleaded guilty to the theft of an automobile in violation of LSA-R.S. 14:67. He appeals this conviction.
Defendant perfected no bills of exceptions. His plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. State v. James, 260 La. 423, 256 So.2d 430 (1972) and the cases cited therein.
Defendant contends, however, that the Bill of Information under which he was charged is defective, and that such defect is an error patent on the face of the record, which this Court can review absent bills of exceptions and despite defendant’s guilty plea. La.C.Cr.P. art. 920.
In his brief before this Court, defendant states:
“The defendant calls this Court’s attention to Bill of Information Number 90,-177, which charges him with Theft of a Chevrolet Corvette. The Bill alleges that defendant committed the theft on the Eleventh (11th) and Twelfth (12th) days of March, 1972. It is impossible for the defendant to have committed the same theft on two different days.
“The bill does not conform to the standard of Article 841, La.C.Cr.Procedure, which allows inclusion of several counts for distinct acts of theft because the acts are not distinct. Since it is impossible for the defendant to have committed the acts alleged, the Bill is defective and a valid conviction and sentence cannot be based upon it.”
We find no merit to this contention. A similar contention was considered by this Court in the case of State v. Martinez, 220 La. 899, 57 So.2d 888 (1952), cert. denied, 344 U.S. 843, 73 S.Ct. 58, 97 L.Ed. 656 (1952). In that case we held that a bill of information alleging that an offense was committed between December 19, 1950 and December 20, 1950 was shfficient to inform the accused of the nature and form of the accusation. We there stated: “Where time is not the essence, the time stated in the indictment is immaterial as to the exact date so long as it precedes the date the indictment was returned.” 57 So.2d 888, 890. La.C.Cr.P. Art. 468 states: “The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense . . . ” Cf. C.Cr.P. Art. 465, wherein the short form indictment for the crime of theft is given, does not require the date on which the alleged crime took place.
The conviction and sentence are affirmed.