PONDER, Justice Ad Hoc.*
Norman Spooner appealed from his conviction of Second Degree Murder (R.S. 14:30.1). He assigns as error the failure to suppress verbal confessions or inculpatory statements.
Defendant’s conviction of the first degree murder of Linda Knippers was reversed by this court, State v. Spooner, 368 So.2d 1086 (La. 1979), because the trial court had excluded defendant’s hospital records. The jury was unable to reach a verdict on retrial and the court declared a mistrial. After the indictment was amended to second degree murder in violation of La. R.S. 14:30.1, the court denied a motion to suppress an inculpatory statement. The third trial resulted in a conviction by a ten to two vote.
The state has the burden of proof that confessions and inculpatory statements have been freely and voluntarily given. State v. Trudell, 350 So.2d 658 (La. 1977). The proof must be beyond a reasonable doubt. State v. Ragsdale, 249 La. 420, 187 So.2d 427 (1966). This includes proof that defendant’s level of mental illness, if that be suggested, does not preclude him from giving a voluntary statement. State v. Trudell, supra; State v. Glover, 343 So.2d 118 (La. 1976).
The state produced the testimony of the investigating officers that defendant had been given the Miranda warning, that he had signed a waiver which he appeared to understand and that he did not appear excited on December 11 but was more excited on the 19th, so much so that the coroner who saw him advised against charging him that day because of his mental attitude. However, on the 20th he became entirely uncooperative and asked to see the coroner again.
Dr. Silva, deputy coroner, wrote a letter stating that defendant had been hospitalized for six weeks, ending only a month before and that defendant was rather paranoid and at least borderline delusional, almost in a state of panic even if he was not psychotic. He advised that Spooner should be placed in a psychiatric hospital for short time treatment and for his own protection. Spooner was placed in the hospital the next day. In reports written the next year he was stated to be quite delusional and suffering from paranoid schizophrenia at the time of admission on December 20, 1974.
The defendant also adduced the testimony of an expert psychologist who examined the results of the tests administered to the defendant within two weeks of the inculpa-tory statements and came to the independent conclusions that defendant ranked in the “borderline retarded range of intelligence” and was a paranoid schizophrenic.
From the above we have concluded that the state has not borne its burden of proof beyond a reasonable doubt that the inculpa-tory statement was a voluntary product of defendant’s free and rational choice. State v. Glover, supra. The inculpatory state *907 ments therefore should have been suppressed.
Accordingly, we reverse and set aside defendant’s conviction and sentence. The case is remanded for retrial.
LEMMON, J., concurs and assigns reasons.
WATSON, J., dissents.

 Judges Ellis, Lottinger and Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Calogero, Dennis, Watson and Lemmon.